UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELEVANCE HEALTH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:26-cv-00199-TWP-KMB |
| | ) |
| Waldemar C. Rios Alvarez, | ) |
| BENJAMIN GUARDIOLA, | ) |
| JAIME RIVERA PESANTE, | ) |
| SARA RAMOS GONZALEZ, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff Elevance Health, Inc.'s ("Elevance"), Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the Defendants. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Complaint alleges, "[u]pon information and belief," that Defendants are citizens of the Commonwealth of Puerto Rico (Filing No. 1 ¶¶ 3–6). These allegations made upon information and belief are not sufficient to support jurisdiction and are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

As the party asking this Court to invoke its jurisdiction, Elevance must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Elevance is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED**.

Date: 1/30/2026

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark D. Kundmueller
Troutman Pepper Locke LLP
mark.kundmueller@troutman.com